Interim Decision #2269

MATTER OF GREWAL

In Visa Petition Proceedings

A–20314833

*Decided by Regional Commissioner March 13, 1974*

A visa petition to accord beneficiary nonimmigrant classification as a fiance under section 101(a)(15)(K) of the Immigration and Nationality Act, as amended, is denied since petitioner has not personally met and seen the beneficiary as required by 8 CFR 214.2(k).

ON BEHALF OF PETITIONER: Self-represented

This is an appeal from the decision of the District Director who denied the petition on the ground that the petitioner had not personally met and seen the beneficiary prior to filing the petition, as required by the regulation, 8 CFR 214.2(k).

The facts are not contested. The petitioner is a 23-year-old native of India and citizen of the United States. She filed the petition to have Hardarshan Singh Grewal, a 24-year-old native and citizen of India, accorded status as a fiance under section 101(a)(15)(K) of the Immigration and Nationality Act. She has never met her fiance. She has alleged that her father, Shamir Singh Sandhu, was in India in 1973, met Mr. Grewal and his parents, and arranged the marriage according to Indian custom, under which meetings of the bride and groom are not permitted prior to the wedding day.

Section 214(d) of the Act provides the requirement of a petition for a fiance and empowers the Attorney General to prescribe the implementing regulations concerning these matters. In 8 CFR 214.2(k) the Attorney General has prescribed that a petition for a fiancee or fiance shall not be approved unless the petitioner satisfactorily establishes that he or she has personally met and seen the beneficiary prior to filing the petition. In the instant case the petitioner has not complied with that regulation. Notwithstanding the respect we feel for foreign cultures and social practices, we are bound by law and regulation as applied in the United States. In view of the foregoing the appeal must be dismissed.

ORDER: *It is ordered* that the appeal be and the same is hereby dismissed.